UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20385-CR-GRAHAM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROLLIE CRAWLEY,              **REPORT AND RECOMMENDATION**

    Defendant.
_____/

    On or about 5/29/07, court-appointed defense counsel Kenneth H. White ("Mr. White" and/or "counsel") timely submitted a voucher (No. FLS 06 1687) with appended time sheets requesting $11,278.40 for attorney's fees pursuant to the Criminal Justice Act ("fee request"). Mr. White represented Defendant Rollie Crawley ("Defendant" and/or "Crawley") for eight (8) months, from his appointment on 9/18/06 to 5/17/07, through Defendant's entry of a guilty plea and sentencing. Since counsel's fees exceed the $7,000 statutory maximum, *18 U.S.C. §3006A(d)(2) (2000 & Supp. 2005)*, the voucher was referred to the undersigned for a Report and Recommendation as to the appropriateness of the fees requested. *28 U.S.C. Sec. 636(a); Local Magistrate Judge Rules.*

    The CJA at *18 U.S.C. §3006A(d)(1)* provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. *18 U.S.C. §3006A(d)(5); USA v. Griggs, 240 F.3d 974 (11th Cir. 2001).* If the recommended fee amount exceeds the statutory maximum, however, the district court must certify that the case involves "extended" or "complex" representation, and that the amount is necessary to provide counsel with fair

compensation. *18 U.S.C. §3006A(d)(3).* If the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case, the case may be considered "complex." *Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C §2.22B(3).* If more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings, the case may be considered "extended." *Id.*

## DISCUSSION

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator reviewed the voucher for compliance with CJA guidelines and mathematical accuracy prior to the undersigned's review. The administrator reviewed the $1,058 billed for 11.50 in-court hours @ $92/hour. After verifying the in-court time with the Court's minutes, the administrator made no changes to the in-court time billed.

The CJA administrator reviewed the $9,994.60 billed for 103.20 out-of-court hours as follows: 31.50 hours for "Interviews and conferences"; 30.30 hours for "Obtaining and reviewing records"; 26.50 hours for "Legal research and brief writing"; 11.0 hours for "Travel time"; and 5.0 hours for "Investigative and Other work." The administrator corrected the handwritten miscalculations on the voucher as follows: 30.20 hours for "Obtaining and reviewing records"; 4 hours for "Investigative and Other work". Although the voucher cites to these errors, the time sheets, however, accurately reflect the total out-of-court compensation claimed of $9,494.40 (103.20 hours x $92/hour).

Counsel claimed $155.30 in "Travel Expenses" and $70.50 in "Other Expenses." The administrator reduced the travel expenses (mileage, parking fees) to $143.55, adjusting for the lack of parking receipts[1] and the applying the appropriate mileage rate, where applicable. The administrator

---

[1] The Circuit's Supplemental Instructions for Completing CJA Form 20 Vouchers at no. 3, specifically instruct that "ITEMIZED RECEIPTS, CANCELED CHECKS AND INVOICES must

further reduced the photocopying fees to reflect the appropriate copy rate.

The grand total claimed, as adjusted, is now **$10,738.25**

### *Undersigned's Review and Recommendation*

In making this recommendation, the undersigned reviewed the entire voucher, the time sheets submitted, and case record as it relates to counsel's representation of Defendant Crawley. This Court also considered counsel's motion submitted in support of his voucher, as well as counsel's 8/23/07 letter submitted in support of his fee request, as requested.

As a matter of background, on 6/23/06, Defendant was indicted, along with Pedro Horton and Dexter Milton, and charged based on criminal activity which transpired on 7/4/01, conspiracy to possess with intent to distribute 500 grams or more of cocaine, and possession with intent to distribute the same. The case arose out of a cocaine drug deal "gone bad" where individuals were contacted on behalf of Defendant Crawley and co-defendant Milton to obtain up to two ounces of cocaine. When a sample of the cocaine was produced and proved 'no good,' the supplier was badly beaten by Milton and Pedro Horton showed up at the scene with a shotgun. Defendant Crawley was reportedly located at the back of the residence when the beating occurred.

The Defendant was arrested on 9/15/06, reportedly 11 days before the 5-year statute of limitations had run[2]. Defendant appeared before the Court for his initial appearance on 9/18/06, at which Mr. White, a Miami practitioner, was appointed as his CJA counsel of record. The Court subsequently denied the Government's motion for pretrial detention, and released Defendant on bond.

---

accompany claims for commercial copying, ... and also for any miscellaneous expense exceeding $50."

[2]Counsel reported that the State of Florida initially brought the same charges back in July 2001, but later dismissed the case the following month.

According to counsel, there were numerous issues to deal with in preparation of a motion for dismissal, including pre-indictment delay issues, the Government's deportation of the drug supplier and victim of the beating, and prejudice caused the Defendant by the same. In addition to the Government, the Court directed Mr. White and other defense counsel to help locate this witness (Ian Hunt) who had been deported to Jamaica, requiring Mr. White's hiring, and several meetings with, an investigator, as well as, communications with the other defense counsel in the case. There were also several hearings/status conferences regarding the efforts to locate this witness. Ultimately, however, on 2/9/07, after lengthy plea negotiations with the Government broke down, Defendant changed his plea and pled guilty to counts 1 and 2 of the Indictment, without a plea agreement. Despite the potential 40 years maximum faced on each count, Defendant was sentenced on 5/17/07 to 63 concurrent months imprisonment for both counts, followed by 4 years supervised release.

As for the 30.2 hours reported for reviewing records, counsel explained that this included time reviewing the audio taped recorded statements and other materials produced by the Government, as well as over 350 pages of argument and testimony for all hearings and co-defendant's trial. After pleading guilty, the Government subpoenaed Crawley to testify at Horton's trial. Crawley's testimony (2/26 - 2/27/07) was reportedly contentious and lengthy and counsel ordered and reviewed the testimony in preparation for Crawley's sentencing.

Further protracting the litigation, counsel also explained that the Government had threatened Crawley with charges of perjury and there were also several motions by the Government to take Crawley into custody before and at the sentencing. This also caused counsel to research Crawley's Fifth Amendment rights before sentencing and how invocation of his rights at Horton's trial might affect his acceptance of responsibility at sentencing. Counsel also dealt with the Government's attempt to enhance Crawley's sentence for obstruction of justice, the introduction of Crawley's old, prior convictions (over 10 years old) and their impact on sentencing.

As for contacts with Defendant's family members, counsel explained that other than for bond purposes, it was necessary for sentencing purposes to gain a good understanding of Defendant's past behavior, good work and support habits to present to the Court.

## CONCLUSION

As for the voucher and the adjusted $9,494.40 claimed for out-of-court fees[3], I have reviewed the entries listed on the time sheets and the total time claimed for each of the task categories. In light of the case background, the number of defendants and issues involved, the substantial amount of time required to resolve this matter over the course of 8 months, I am satisfied that counsel documented the actual time he spent on the case. I find the time billed to be justifiable, reasonable and fair. Based upon the same, I also consider this matter to be "extended" and "complex," justifying compensation in excess of the $7,000 statutory maximum.

In sum, based upon my review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher, I am **RECOMMENDING** that counsel be paid the **$10,738.25** adjusted claim, as fair compensation for his work on this case.

In accordance with 28 U.S.C. §636(b)(1)(c), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Respectfully submitted this ___ day of September, 2007.

_____
**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

cc:   District Judge Graham
      Kenneth H. White, Esq.
      Lucy Lara, CJA administrator

---

[3] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.